IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELOISA MARISOL RESENDIZ,

    Petitioner,

  v.

ERIC HOLDER, in his official capacity as Attorney General of the United States, *et al.*,

    Respondents.

No. C 12-04850 WHA

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner filed a habeas corpus petition under 28 U.S.C. 2241 challenging the denial of a bond hearing by an immigration judge. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## BACKGROUND

Petitioner Eloisa Marisol Resendiz, a citizen of Mexico, was charged as removable by the Department of Homeland Security based on prior criminal convictions for selling and transporting a controlled substance and for receiving stolen property (Exh. A). Following a hearing in December 2011, the immigration judge found that petitioner had been convicted of a drug-trafficking crime constituting an aggravated felony under 8 U.S.C. 1101(a)(43)(B) (Exh. B at 3). The immigration judge determined that petitioner was removable and denied her application for asylum, withholding of removal, and protection under the Convention Against Torture. The Board of Immigration Appeals dismissed petitioner's appeal on March 30, 2012. On April 12, petitioner filed a petition for review and request for stay of removal with our court of appeals.

Shortly after the petition for review and request for stay of removal was filed, DHS conducted a custody determination. DHS determined that respondent should be detained without bond and provided petitioner with a memorandum of the decision. According to the immigration judge's April 26 order, petitioner requested a review by an immigration judge of DHS's determination by "check[ing] a box indicat[ing] that she wanted such a review" (Exh. L). In the April 26 order, the immigration judge denied the request to review petitioner's custody status. The order stated that the immigration judge did not have "jurisdiction to review [Resendiz]'s custody status at this time" because she had been detained pursuant to a final removal order for less than thirty days, and a temporary stay of removal had been in effect for two weeks (*ibid.*). The immigration judge determined that because petitioner had failed to establish that her detention had been "prolonged," an individualized review of her custody through a bond hearing was not required.

DHS filed a motion to reconsider the April 26 order with the immigration judge. DHS argued that petitioner was entitled to a bond hearing under *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008). In a written order dated June 18, the immigration judge stated that *Casas-Castrillon* and subsequent decisions by our court of appeals were concerned with ensuring that adequate procedures were provided to aliens in removal proceedings who had been subjected to "prolonged detention" (Exh. O). As Resendiz had failed to establish her custody was "prolonged," the immigration judge denied the motion to reconsider, restating his prior reasoning that there was no jurisdiction to review petitioner's custody status at that time (*ibid.*). Petitioner did not appeal either of the immigration judge's orders.

On September 7, our court of appeals granted petitioner's motion for stay of removal pending review of her petition for review of her removal order. Petitioner then filed the instant petition for writ of habeas corpus herein on September 14, seeking an order requiring that petitioner be granted a bond hearing before a different immigration judge. DHS opposes granting the writ, arguing that petitioner failed to exhaust administrative remedies. For the reasons stated below, the petition is **DISMISSED WITHOUT PREJUDICE**.

2

## ANALYSIS

Under 28 U.S.C. 2241(c)(3), a federal district court is authorized to grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). "Although [8 U.S.C.] § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). "[A]liens may continue to bring collateral legal challenges to the Attorney General's detention authority . . . through a petition for habeas corpus." *Casas-Castrillon*, 535 F.3d at 946. Our court of appeals has held that a federal district court has habeas jurisdiction under Section 2241 to review bond hearing determinations of an alien held in custody pursuant to removal proceedings. *Singh*, 638 F.3d at 1200; *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

In *Casas-Castrillon*, our court of appeals addressed the issue of which statute governs the Attorney General's detention authority over an alien in removal proceedings. *Casas-Castrillon*, 535 F.3d at 947-948. The petitioner in *Casas-Castrillon* was detained in 2001 pursuant to removal proceedings based on his convictions for two crimes involving moral turpitude. The BIA affirmed the order of removal and petitioner filed a petition for review with our court of appeals. *First*, the court of appeals determined that the Attorney General had authority under 8 U.S.C. 1226(c) to initially detain aliens charged as removable on the basis of certain crimes. *See* 8 U.S.C. 1226(c)(1)(B). "Unlike noncriminal aliens, who are detained under § 1226(a), aliens detained under § 1226(c) are not given a bond hearing before an [immigration judge]." *Casas-Castrillon*, 535 F.3d at 946. *Second*, recognizing that aliens pursuing appeals of their removal orders may "languish in the system for years," the court of appeals held that the Attorney General's detention authority over "prolonged detention of aliens awaiting judicial review of their removal orders" was governed by Section 1226(a), not 1226(c). *Id.* at 948. The court of appeals held that Section 1226(c)'s mandatory-detention provision applies only to "expedited removal of criminal aliens." *Id*. at 947-48. Once the petitioner's appeal of his removal order before the BIA was complete and the appeal had been dismissed, "the Attorney General's authority to detain him under § 1226(a) ended and that authority shifted instead to §

1226(a)." *Id.* at 948. Although the government had authority to continue to detain the petitioner in that case, the court of appeals concluded that "prolonged detention without adequate procedural protections would raise serious constitutional concerns." *Id.* at 950. "Because the prolonged detention of an alien without an individualized determination of his dangerousness or flight risk would be 'constitutionally doubtful,' we hold that § 1226(a) must be construed as *requiring* the Attorney General to provide the alien with [a bond hearing]." *Id*. at 951 (emphasis in original). A subsequent decision by our court of appeals established that at a *Casas* bond hearing, in order to prevent the alien from being released on bond, the government must establish by clear and convincing evidence that the alien is a flight risk or will be a danger to the community. *Singh*, 638 F.3d at 1203-1205.

In petitioner Resendiz's case, DHS conducted a custody determination in April 2012. The immigration judge declined to hold a bond hearing to review DHS's determination, stating that he did not have jurisdiction over petitioner as she had failed to establish that her detention had been "prolonged" within the meaning of *Casas-Castrillon*. In contrast, the position of both petitioner and DHS is that petitioner should be entitled to a *Casas-Castrillon* bond hearing, as she has filed a petition for review of her removal order with our court of appeals, a stay has been granted pending review of that petition, and she has not been released on bond.[1] DHS argues, however, that the habeas petition should be dismissed because petitioner failed to exhaust administrative remedies. Instead of appealing the immigration judge's orders to the BIA, petitioner attempts to circumvent administrative procedures by filing this habeas petition. Petitioner argues that the exhaustion requirement is not implicated here at all, as she asserts she could not have appealed the immigration judge's orders to the BIA. Petitioner also contends that because the exhaustion requirement for habeas petitions under Section 2241 is prudential rather than statutory, it should be waived due to the circumstances in this case.

---

[1] Neither party has provided any information regarding the date that petitioner was initially detained by DHS, although it is not disputed that she has been and currently remains in custody.

4

1. **EXHAUSTION OF ADMINISTRATIVE REMEDIES IS REQUIRED.**

Our court of appeals has held that habeas petitioners must exhaust available judicial and administrative remedies before seeking relief under Section 2241. *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Because the exhaustion requirement is prudential, rather than mandated by statute, it can be waived in certain instances. "Nevertheless, prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation and citation omitted). A petitioner must exhaust administrative remedies before raising her constitutional claims in a Section 2241 habeas petition when those claims are reviewable by the BIA on appeal. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (citing *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir. 1995)).

2. **PETITIONER COULD HAVE APPEALED THE IMMIGRATION JUDGE'S ORDERS TO THE BIA.**

Petitioner Resendiz contends that she is not subject to the exhaustion requirement and could not have appealed the immigration judge's orders because DHS, not petitioner, made the motion for a bond hearing and motion for reconsideration.[2] Petitioner cites no authority supporting her position that she could not and need not appeal an adverse ruling of the immigration judge. As set forth in 8 C.F.R. Section 1003.19(f):

> The determination of an Immigration Judge with respect to custody status or bond redetermination shall be entered on the appropriate form at the time such decision is made and the parties shall be informed orally or in writing of the reasons for the decision. An appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38.

In petitioner's case, the immigration judge issued a written memorandum opinion finding that he lacked jurisdiction to review petitioner's custodial status at that time. A written opinion was also

---

[2] The record is unclear as to how the initial request for a bond hearing was made. Petitioner claims that DHS made a motion requesting a bond hearing, while the immigration judge's April 26 order states that petitioner requested the hearing by "check[ing] a box" indicating that she wanted an immigration judge to review DHS's custody determination (Exh. L). Neither party has lodged a copy of the initial motion or the motion for reconsideration with this Court.

5

issued denying the motion for reconsideration. As set forth in the Code of Federal Regulations, petitioner could have appealed the order denying the hearing or, after the motion for reconsideration was made, the immigration judge's second order finding that he lacked jurisdiction. Moreover, the BIA's practice manual makes clear that the BIA has jurisdiction over appeals of bond determinations made by an immigration judge. More specifically, the practice manual states that the BIA "has jurisdiction to rule on whether an Immigration Judge has jurisdiction to make a bond determination." Board of Immigration Appeals Practice Manual Section 7.2(b), *available at* http://www.justice.gov/eoir/vll/qapracmanual/pracmanual/chap7.pdf. Petitioner has pointed to no contrary authority establishing that she could *not* have appealed the immigration judge's orders regarding her custodial status, whether or not she was the moving party.

### 3.  PETITIONER FAILS TO ESTABLISH ANY VALID EXCEPTION TO THE EXHAUSTION REQUIREMENT.

Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga*, 488 F.3d at 815. Here, factors two and three weigh in favor of requiring exhaustion in this case. *First*, as set forth above, there is a clearly-established administrative scheme for dealing with custodial determinations, including an appeals process to the BIA. Petitioner failed to timely file an appeal with the BIA. Instead, she waited nearly three months before filing this habeas petition. To allow petitioners to circumvent the appeals procedure and petition the district court for the same relief that could have been sought before the BIA would "encourage the deliberate bypass of the administrative scheme." *Second*, assuming the immigration judge erred in finding that he lacked jurisdiction (an issue which this order does not decide), the agency should be allowed to correct its own mistakes, which allows for administrative autonomy and the conservation of judicial resources.

6

Petitioner argues, however, that several exceptions to the exhaustion requirement apply here, such that exhaustion should be excused. Our court of appeals has noted that there are "a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n. 4 (9th Cir. 1981). Petitioner contends that the futility, inadequate remedy, and irreparable harm exceptions apply in this case such that the exhaustion requirement should be waived. Petitioner's arguments are discussed below.

### A. Futility.

Petitioner argues that exhaustion would be futile because the outcome of an appeal to the BIA was uncertain, as the BIA could have construed petitioner's claim as a constitutional one over which it did not have jurisdiction (Reply Br. at 7). Petitioner has provided no reason why the BIA could not have reviewed petitioner's claim that the immigration judge erred in his interpretation of *Casas-Castrillon* and Section 1226(a)'s procedural requirements. Petitioner's argument misconstrues our court of appeals' decisions regarding the ability of the BIA to review questions of "constitutional law." As stated in *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir. 1995), our court of appeals has held that "the BIA lacks jurisdiction to decide questions of the constitutionality of governing statutes or regulations." Not every procedural error presents such a question of constitutionality, though it may be couched as a violation of due process in later appeals or petitions. "A procedural error may be of constitutional magnitude without depriving the BIA of the authority to correct it." *Id.* at 426. Petitioner has provided no reason why the issue she raises regarding the denial of a bond hearing would not be such a procedural error that the BIA could adjudicate.

Petitioner also argues that pursuit of administrative remedies would have been futile because "the best the BIA could have done was to have remanded the case and ordered a hearing" (Reply Br. at 7). Petitioner appears to claim that the very relief she now seeks from this Court, namely an order requiring a bond hearing before an immigration judge, would somehow

7

1  be useless if that exact same order were obtained from the BIA. This argument makes little
2  sense and is unsupported by any authority. To the extent that petitioner is arguing that the same
3  remedy, if provided by the BIA, would be inadequate because it would require further litigation
4  and delay, the argument is addressed below.

### B. Inadequate remedy and irreparable injury.

Petitioner contends that because an appeal to the BIA would have, at best, resulted in a remand to an immigration judge to conduct a bond hearing, the remedy is inadequate and inefficacious. Moreover, petitioner contends that she has suffered and continues to suffer irreparable injury in loss of liberty. Petitioner does not argue that a bond hearing — whether held now or in the past — would necessarily result (or have resulted) in her release. Her argument is essentially that any delay in receiving a bond hearing results in a loss of liberty that requires an emergency motion and an immediate bond hearing to redress (*id*. at 7). This order finds that the fact that pursuing appeals through administratively-established procedures may result in delay is common to all aliens seeking review of their custody or bond determinations. Allowing those who argue procedural errors in their custody or bond determinations to bypass the administrative process would disrupt the agency's autonomy and result in unnecessary judicial review of unexhausted claims. Petitioner fails to establish that such an exception to the exhaustion requirement is justified here.

\*         \*         \*         \*         \*

The relief available to petitioner through the BIA is the same as that requested of this Court. Moreover, the administrative procedure by which she should seek such relief is clearly established. This order finds that the prudential exhaustion of administrative remedies is required, and petitioner has failed to establish any valid exception to the exhaustion requirement.

### CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.** Petitioner may seek further remedies through appeal to the BIA, or may consider filing a renewed request for a bond hearing before an immigration judge based on

8

changed circumstances, as she prefers.  Depending on the result of further proceedings, petitioner may seek an appeal in federal court and seek to relate case to the undersigned.

**IT IS SO ORDERED.**

Dated: November 7, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9